THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF MARYLAND



Michael Chambers,
  vs.  Petitioner
The United States of America,
    Respondent

Crim. No L-99-0451

Petitioner's motion for modification of
Sentence pursuant to 18 U.S.C. § 3582 (c) (2)
Based on amendment's 706 (a) made
Retroactive by amendment 711

Petitioner, Michael Chambers, Pro se, respectfully moves this Honorable Court pursuant to 18 U.S.C § 3582 (c) (2) Seeking a modification of his previously imposed sentence based on amendment 706 to the United States Sentencing Guidelines (U.S.S.G), as made retroactive by amendment 711. Petitioner proffers the following facts and law in support of.

Jurisdiction: This court's authority to modify its previously imposed sentence is invoked under 18 U.S.C. § 3582 (c) (2) which Interalia, permits the court to modify a previously imposed sentence based on a retroactive amendment that has lowered the defendant's
previous sentencing range.

Relevant factual and procedural
History of case

(A) Indictment and Trial

  In October of 1999, petitioner was indicted by a federal grand jury for violations of 21 U.S.C. § 846, and 841 (a) along with 18 U.S.C 922G and 924c respectively. In May of 2000, petitioner was tried and convicted on all five counts of the indictment.

(B) Sentencing Proceedings

  The sentencing proceedings were conducted on June 12, 2001 of relevance to the instant petition. The District Court determined that the
  Government had proven by a preponderance of the evidence that petitioner was responsible for conspiring to distribute in excess of 1.5 kilograms.

Subsequent to finding additional enhancements the district court, based on a base offense level (BOL) of 40 and a criminal history category of III, imposed a sentence of 240 months followed by a consecutive term of 60 months and supervised released.

(C) Appellate and Collateral Review

A timely notice of appeal was filed. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence. See United States v. Chambers 59 fed. appx 265 (4th Cir. 2003). Petitioner's writ of certiorari: was denied by the United States Supreme Court on May 19, 2003 a timely motion to correct and or vacate the sentence was filed within the one year affordable to file such motion. This motion was denied, along with certificate of appeal ability. This petition seeking a modification of the previously imposed sentence now ensues

## Argument

The district court should exercise it's discretion under 18 U.S.C. § 3582 (c) (2) and modify it's previously imposed sentence, subsequent to considering the § 3553 (a) factors, where petitioner's previous sentencing range (for the distribution of an amount of cocaine base) has subsequently been lowered by amendment (s) 706, 711 to the U.S.S.G.

Petitioner contends that this court should modify his previously imposed sentence pursuant to 18 U.S.C. § 3582 (c) (2), which states in relevant part:
(1) Modification of an imposed term of imprisonment.
   The court may not modify a term of imprisonment once it has been imposed except that ....
(2) In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. § 994 (o), upon motion of the defendant... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the sentencing commission.

It appears then that consideration of the instant motion involves a two step process (1) determining whether modification of the sentence is appropriate under amendment 706, 711 and (2) if so, to what extent such a departure is warranted upon consideration of the factors court must take into account in exercising its present discretion to resentence under § 3582 (c) (2).

-2-

United States vs. Reynolds 111 Fed. 132 (Table) (6ᵗʰ Cir. 1997) defendant eligible for § 3582 (c) (2) resentencing is also eligible for reduction
based on § 3553 because it applies to all sentences that are imposed after the statues effective date; United States vs. Williams, 103 F.3.d. 57,
58-59 (8ᵗʰ cir. 1996) (In a § 3582 (c) (2) resentencing courts can consider Government's motion under § 3553 (c) to further reduce sentence for
defendant's substantial assistance); Settembrino v. United States, 125 F. Supp 2d. 511, 517, C. S. D. Fla. 2000) (when faced with a section 3582
(c) (2) resentencing a district court may consider grounds for departure unavailable to a defendant at the original
sentencing

## Application of Amendment § 1 B1.10

The sentencing commission has made cumbersome changes to § 1B1. 10 intended to restrict the district court's ability to reduce sentences more than the two offense levels with which petitioner is eligible under amendment 706, 711.
This raises the question of to what extent can the commission constrain a district court's discretion in considering the
§ 3553 (a) factors in determining whether to impose a modified sentence in violation of the court's duty under § 3582(c) (2) second, it instructs court's to treat § 1B1. 10 as mandatory which in turn makes § 2d1.1. mandatory in the context of a § 3582 (c) (2) resentencing in violation of United States v. Booker 543 us.220 (2005) and Kimbrough v. United States, 128 S Ct. 558. (2007).
Third it violates the commission's own statutory obligations under its enabling statues, 28 U.S.C. §§ 991 and 997.

## Treating amendments §§ 1B1.0. And 2D1.1 as mandatory violates § 3582 (c) (2)

As noted, the first problem with the alterations to §§ 1B1.10 is that they are designed to limit the district court's ability in this instance to re- sentence petitioner in accord with the applicable § 3553 (a) factors, thereby requiring the factors set forth in § 3553 (a) to the extent that they are applicable when reducing the sentence. In particular, amendment § 1B1.10 would require the district court in this instant to grant at most a two level reduction even if the resulting sentence would still be greater than necessary to serve the purpose of sentencing or create a unwarranted disparity or otherwise contradict an applicable § 3553 (a) factor.

The guidelines § 3553 (a) related problems, as they are associated with the penalties meted out for cocaine base, are well documented. In
Kimbrough, the Supreme Court identified three major problems associated with the differential treatment of crack and powder offenses three to
six times longer those powder offenses involving equal amounts of drugs. Id 128 S. ct. at 566 (1) the disparity was based on assumptions about the relative harmfulness of the two drugs "that more recent research and data no longer supports Id. At 568; (2) the disparity" leads to the anomalous

results that retail crack dealers get longer sentences than the wholesale drug distributors, who supply them with powder cocaine from which the crack
is produced, and thus is inconsistent with congressional policy to punish major dealers more severely than low-level dealers; Id. and (3) the disparity fosters disrespect for and lack of confidence in the criminal justice system because of a widely held perception that it promotes unwarranted disparity based on race. Id. The court also cited the commissions own conclusions that this disparate treatment of crack offenders was generally unwarranted and failed to meet the sentencing reform act and the 1986 act Id. at 567-68

Importantly, the amended guideline does not fully rectify these problems. Quoting the commission, the Supreme Court wrote that the "modest amendment [still] yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder, Id 128 sct. At 569, and the commission has recommended that the ratio be substantially reduced Id at 568. It also noted that the commission has described the amendment as only… a partial remedy for the problems generated by the crack/powder disparity Id. at 569. And the court found that [the] amended
guidelines still produce sentencing ranges keyed to the mandatory minimums in the 1986 act, which was the source of the problems associated with the crack guidelines in the first place. Id. 569 n.10. The guidelines as amended "now advances a crack/powder ratio that varies (at different offense levels) between 25 to 1 and 80 to 1", and the commission has recommended a ratio of, at most 20 to 1 Id. at 573

Because the amended guidelines still result in sentences that are based on an unwarranted disparity and fails to serve the purpose of sentencing, a district court cannot automatically assume as the commission would have it- that a sentence under the amended guideline satisfies § 3553 (a). And because the court has a statutory obligation to consider the applicable § 3553 (a) factors when imposing a new sentence under § 3582 (c) (2), the commissions policy statement to the contrary is valid. See e.g. Stinson v. United States, 508 U.S. 36.38 (1993).

Treating amended §§ 1B1.10 and 2d1.1 as mandatory
violates Booker and Kimbrough

Even if crack amendment did not resolve the §§ 3553 (a) problems with the crack guidelines (which it clearly did not), revised 1B1.10 would still violate Booker in so far as it renders any part of the guideline mandatory. Booker expressed in unequivocal terms that the guidelines cannot be applied as mandatory in some circumstances and not others. The court rejected the Governments case in which the Constitution prohibits judicial fact-finding but have them as binding in all other cases… [we] do not see how it is possible to leave the guidelines as binding in other cases. For one thing, the government's proposal would impose mandatory guideline type limits upon a judge's ability to reduce sentences. We do not believe that such one-way levers are compatible with congressional intent. Id. 543 U.S. at 266. Again in Kimbrough, the court rejected the Government's argument that § 2d1.1 and, more specifically the crack guidelines can be interpreted in anyway that renders it effectively mandatory. [u]under Booker the cocaine guidelines, like all other guidelines, are advisory only, and…the court of appeals erred in holding the crack/powder disparity effectively mandatory. Id. 128s.ct. at 566. Those portions of amended §1B1.10 that "would impose mandatory guidelines type limits upon a judge's ability to reduce sentences" and would render §2d1.1 "effectively mandatory" for a defendant eligible for resentencing, (such as petitioner) under § 3582 (c) (2) violates Booker and Kimbrough and are void as

-4-

a matter of law. See e.g. Neal v. United States, 516 U.S. 289, 290, 295 (1996). Commission "does not have the authority to [effectively] amend [a] statue" by ' interpreting' it in ways contrary to the construction given it by the supreme court, and the court, will reject [the commission's] alleged contrary interpretation'; Stinson 508 U.S. at 38 C' commentary in the guidelines manual that interacts or explains a guideline is authorative unless it violates the constitution].
The revisions to §1B1.10 violates the commissions statutory obligation under its enabling statue.

The third problem with revised 1B1.10 is that it violates the commission's obligations under its enabling statue. The commission has already acknowledged that the crack amendment represents only a modest interim measure that does not fully rectify the problems with crack sentences;
including that they "fail to meet the sentencing objectives set forth by congress" in § 3553(a). When imposing a new sentence under § 3582(c) (2), the commission has violated it's obligation under 28 U.S.C. 994 (a) (2) to write policy statements that further the purpose of § 3553 (a) (2) are met, avoid unwarranted sentencing disparities, maintain sufficient flexibility to permit individual sentences, and reflect advancement in the knowledge of human behavior as it relates to criminal justice. See (99) (b) (1) (a) –(c). If guideline commentary is at odds with the plain language of 28 U.S.C. 994, the guideline commentary must giveaway. See United States v. Labonte, 520 U.S. 751.257 (1997). The amendments are thus void as an improper exercise of commission authority, in addition to violating remedial holding in Booker and therefore should be rejected

The extent that revised §1B1.10 purports to interpret §3582 (c) (2). It is also void under Stinson's which rejected the notion that policy statements and other should be viewed as construing the statues that the commission administers. Id. 508 U.S. at 44. Instead, Stinson held that "the functional purpose (of commentary of the kind at issue here) is to assist in the interpretation and application of "the guidelines". In contrast the clear intent of the proposed revisions to § 1B1.10 is to cabin and control judicial interpretation of § 3582 (c) (2), which in turn violates separation of power principles because it is a judicial function to interpret and apply laws. See Marbury v. Madison 5. U.S. 137 (1803) it is emphatically the province and duty of the judicial department to say what the law is.

Those who apply to the particular cases must of necessity expound and interpret the rule. If two laws conflict with each other, the courts must decide on the operation of each.

Hence for the aforementioned reasons § 1B1.10 does not cabin the district court's authority in this particular instance to exercise it's discretion and grant a departure greater than the two levels available under amendments (s) 706, 711 after considering the sentencing factors emirate in §3553 (a)

## Request for Hearing

Under the guidelines; a defendant has a right to a hearing whenever any factor important to the sentencing determination is "reasonably in dispute".
See §6 a1.3 Even under the pre-amended §1B1.10. If a court intended to rely upon facts not found at the initial sentencing in deciding a §3582 (c) (2) motion, the defendant was entitled to notice and a hearing. See e.g. United States v. Byfield, 391 f3d. 277. 280-81 (DC. Cir. 2004) (finding abuse of discretion in failing to order evidentiary hearing where defendants assertions in 3582 (c)(2) motion raised enough of a smidgeon to put the matter reasonably in dispute; Quesadamosquera v. United

States, 243, F3d. 685,686 (2ⁿᵈ Cir.2001); United States v. Allison, 63 F3d 350,351 (5ᵗʰ Cir. 1995). Now that revised 1B1.10 advises that courts consider such facts in every case, there must also be a hearing at which the defendant can challenge the government's evidence and present his own. See United States v. Demott, F3d. 2000 WL 124 188 (2ⁿᵈ Cir. Jan 15, 2008) Petitioner therefore request a hearing in this matter along with counsel.

He further requests that he be present for any hearing on this motion. Although a defendants presence at a § 3582 (c) (2) hearing is out required, petitioner should be allowed to attend, particularly if the court will need to resolve factual disputes. See United States v. Fortyestremera, 498 F supp. 2d. 468, 472 (D.P.R. 2007) (Ordering defendants transfer to jurisdiction for hearing on § 3582 (c) (2) after determining defendants eligibility and that Booker advisory regime will apply to the resentencing.)

## Conclusion

There has been a great in justice done under the sentencing scheme involving crack cocaine offenders that seriously impacted families and communities abroad. Based upon all of the information regarding this change the petitioner qualifies for a reduction in sentence and respectfully requests the court to grant said relief as justice would require.

-6-

## CERTIFICATE OF SERVICE

Petitioner Michael Chambers, (pro se), hereby state that he has caused an accurate copy of "petitioner's motion for reduction of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582 (c) (2)" to be served upon the individuals as indicated below, by placing said copies in the Unites States postal services provided here at United States Penitentiary Hazelton, West Virginia on this _____ day of march 2009

The Honorable Judge
Benson E. Legg
United States District Court for
Northern District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

United States Attorney Office
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

Respectfully submitted,

Michael Chambers #33883-037

U.S.P. Hazelton
P.o.Box 2000
Bruceton Mills, WV 26525

- 7 -